UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SILVERSTEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD WEINBERG, SOBONITO INVESTMENTS, LTD., and DOES 1-20,<br><br>Defendant(s). | NO. CV 03-6258 SJO (Mcx)<br><br>**ORDER TO SHOW CAUSE RE:**<br>**(1) SERVICE ON DEFENDANT SOBONITO INVESTMENTS, LTD.; (2) FAILURE OF SOBONITO TO JOIN IN REMOVAL; and (3) TIMELINESS OF REMOVAL**<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

## BACKGROUND

Plaintiff William Silverstein is proceeding in *pro per*. He is suing Defendants Howard Weinberg and Sobonito Investments, Ltd., because they allegedly sent him numerous unwanted fax messages ("junk faxes") and unwanted electronic messages ("junk e-mails"). (Compl. pp. 3-6) The Complaint lists five causes of action: (1) Negligence (Compl., p.6) ; (2) Trespass to Chattels (*Id.* p.7); (3) Unlawful Advertising (*Id.* pp. 8-9); (4) Violation of U.S.C. § 227, the Telephone Consumer Protection Act of 1991 (*Id.* p. 10); (5) two counts for Breach of Contract (*Id.* p.11); and (6) Violations of Cal. Bus. & Prof. code § 17538.45 (*Id.* p.12).

The amount of damages claimed is above $75,000. (*See* id. pp. 3-6) Plaintiff is a resident of California. (Compl. p. 1) The Notice of Removal claims that he is also a citizen of California. (Notice of Removal, *hereinafter* "NOR," ¶ 11) Defendant is a Florida citizen. (*Id.* ¶ 12) According to the Notice of Removal, the Complaint was served on August 4, 2003 and removed by Defendant Weinberg on September 2, 2003. (NOR, ¶ 3)

## ORDER

WHEREAS there are two named Defendants but only one Defendant, Mr. Howard Weinberg, is a party to the Removal. (NOR, ¶ 2) According to the removing Defendant Mr. Weinberg, Co-Defendant Sobonito Investments Ltd. ("Sobonito") has not yet been served. Citing *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429-30, Defendant Weinberg claims that Co-Defendant Sobonito has not yet been served and therefore need not join in removal. (NOR, p.2 n.1)

WHEREAS Defendant Weinberg claims he "is not an authorized agent, or otherwise authorized, to accept service on behalf of Sobonito, and is not an owner or officer of Sobonito." (NOR, p.2. n.1) However, Mr. Weinberg concedes that he does legal work for Sobonito. (*Id.*)

WHEREAS, Defendant Weinberg failed to attach proofs of service for the original complaint showing the date on which he was served.

(1) The Court hereby ORDERS counsel for Defendant Weinberg to appear before the Court on **October 15, 2003** at **8:30 a.m.** and file with the Court by October 9, 2003, documentary evidence showing the precise date on which he was served; and if Mr. Weinberg fails to comply, the case shall be REMANDED due to untimely removal.

(2) The Court hereby ORDERS counsel for Defendant Weinberg to appear before the Court on **October 15, 2003** at **8:30 a.m.** and state exactly the nature of Mr. Weinberg's relationship with Co-Defendant Sobonito; list the precise nature of the legal services Mr. Weinberg provided for Co-Defendant Sobonito; and explain in detail why Mr. Weinberg should not be considered the legal representative for Co-Defendant Sobonito. Mr. Weinberg shall file with the Court no later than October 9, 2003, a signed declaration attesting to and describing the precise nature of his relationship with Co-Defendant Sobonito; describing the legal services he provided

to Sobonito and explaining why he should not be considered the legal representative for Co-Defendant Sobonito.

(3) The Court hereby ORDERS Plaintiff William Silverstein to appear before the Court on **October 15, 2003** at **8:30 a.m.** and show cause as to why Defendant Sobonito has not been served. If Plaintiff would like to file any documents related to this Order, he shall do so no later than October 9, 2003.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2003.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE